### PARTRIDGE et al. v. DOTY.

### URBAN v. SAME.

#### (Supreme Court, Special Term, Erie County. February, 1910.)

TRADE-MARKS AND TRADE-NAMES (§ 50*)—REFILLING STAMPED BOTTLES—PENALTY.

Laws 1896, c. 376, § 28, provides that any person, engaged in bottling any beverage put up by him for sale in any receptacle with his private mark stamped thereon, may file a description thereof and publish the same once a week for three weeks in a newspaper, and shall thereupon be

―――――――――

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

deemed a proprietor of the mark and of every vessel so branded, and that no other person shall fill for any purpose any such vessel so branded, and for a violation shall forfeit to such proprietor $100 for each offense. *Held*, in a suit to recover a penalty for the use of plaintiff's stamped milk bottles, plaintiff was bound to prove that defendant's possession of the bottles was without plaintiff's consent, though he was not required to show that the contents of the bottles found in defendant's possession was a beverage.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec. Dig. § 50.*]

Appeals from Municipal Court.

Actions by George Partridge and another and by Jacob Urban against John W. Doty. From a Municipal Court judgment dismissing the complaints, plaintiffs appeal. Affirmed.

Moses T. Day, for appellants.

Frank W. Harding, for respondent.

BROWN, J. The use by defendant of plaintiffs' milk bottles, stamped with plaintiffs' trade-marks thereon, without plaintiffs' permission, subjects defendant to a penalty of $100, to be forfeited to each of the plaintiffs, under the provisions of section 28 of chapter 376 of the Laws of 1896. Possession of such milk bottles, without the consent of the plaintiffs, is made presumptive evidence of such illegal use.

The trial court dismissed plaintiffs' complaints upon the ground that the plaintiffs had failed to prove that the contents of the bottles found in the possession of defendant was a beverage. There was no evidence offered upon the trial that the possession of the bottles by the defendant was without the consent of the plaintiffs. The plaintiffs failed to prove the essential element of their causes of action. The judgments dismissing the complaints were right, because of this fatal defect in plaintiffs' proofs.

The judgments must be affirmed, with costs, notwithstanding the erroneous grounds stated by the trial court as a reason for the judgments rendered.